IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Aracelis Ruffolo, | ) | |
| Dominique Bonseigneur, on behalf of | ) | |
| themselves and all other | ) | |
| plaintiffs similarly situated, | ) | Case No.: 1:18-cv-3305 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LaSalle Group, Inc. and | ) | |
| Tamyra Miracle, individually, | ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT
THE LASALLE GROUP, INC.'S MOTION FOR
<u>PARTIAL RECONSIDERATION OF THE COURT'S FEBRUARY 28, 2019 ORDER</u>**

Plaintiffs, Aracelis Ruffolo and Dominique Bonseigneur (collectively, "Plaintiffs") submit the following Response in opposition to Defendant The LaSalle Group, Inc.'s Motion for Partial Reconsideration of the Court's February 28, 2019 Order:

## <u>INTRODUCTION</u>

Defendant LaSalle Group, Inc. ("LaSalle") has requested reconsideration of this Court's well-reasoned Order of February 28, 2019 (the "Order"). In that Order, the Court addressed and decided against each of the issues raised in LaSalle's Motion for Partial Reconsideration of the Court's February 28, 2019 Order (the "Motion"). As Defendants have not produced any new evidence, facts or law which would require reversal of this Court's well-reasoned Order, and because the statute of limitations continues to run on each putative collective member's claims, the Motion for Partial Reconsideration must be denied and the Agreed Notice must be sent out as soon as practicable.

**ARGUMENT**

A.    **The Court's Order Applied the Proper Standard**

The Court thoroughly and thoughtfully reviewed the declarations, allegations and defenses in determining that conditional certification was appropriate. LaSalle does not dispute in its Motion that conditional certification was appropriate – it only disputes that conditional certification should not have been granted for as many employees as the Court ordered. Defendants essentially argue that Plaintiffs do not have sufficient personal knowledge of whether or not LaSalle was improperly deducting lunch breaks that were not taken at facilities other than the South Barrington location. Dkt. #36, p. 3. The Court already considered and dismissed this argument. Dkt. #33, pp. 17-20. The Court correctly found that Defendants have a nation-wide policy of deducting for the lunch break. Dkt. #33, p. 17. The Court properly found that the Plaintiffs here have offered evidence of the policy being written in the Handbook and implemented at several facilities. *Id.* As the Court noted, Plaintiffs do not have to collect specific violations from each and every location where the allegation is a company-wide policy. *Id.*, citing *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 631 (W.D. Wis. 2009).

The Court specifically refused to engage in the credibility/record scouring exercise LaSalle seeks in their Motion. Dkt. #33, pp. 11-12. Regardless of whether or not the entire deposition transcripts were provided in LaSalle's Response to the Motion for Conditional Certification, the Court was correct in refusing to engage in a credibility determination that is more appropriate for second stage certification. *Bergman*, 949 F. Supp. 2d at 856; *Nicks v. Koch Meat Co.*, 265 F. Supp. 3d 841, 850-51 (N.D. Ill. 2017). As the Court correctly observed, the Plaintiffs have only been permitted limited discovery – much of which Defendants objected to pending the Court's ruling on the Motion for Conditional Certification – and simply are unable to engage in the credibility war Defendants want to wage. For first step conditional certification, Plaintiffs only need provide a modest

factual showing that certification is appropriate. Attaching whole transcripts – which it could have done in the first place – now does not change the fact that Plaintiffs have sustained their burden, and conditional certification is appropriate. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier.").

**B.     LaSalle Has Not Satisfied Its Burden For Relief Under Rule 59(e)**

LaSalle manifestly misstates the standard of review under Fed. R. Civ. Pro. 59(e). Contrary to LaSalle's position that it need only "show that the court committed an error of law or fact," the proper standard is that a movant must present either newly discovered evidence or establish a *manifest error* of law or fact. Dkt. 36, p. 4; *but see LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995) (emphasis added). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D.Ill.1997). Defendants must do more than rehash previously offered arguments – they must establish clearly erroneous application of the law or fact. *Barreda v. Prospect Airport Servs., Inc.*, 08 C 3239, 2008 WL 7431307, at *1 (N.D. Ill. Nov. 26, 2008). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996); citing *Keene Corp. v. Int'l Fidelity Ins. Co.,* 561 F.Supp. 656, 665 (N.D.Ill.1982), *aff'd*, 736 F.2d 388 (7th Cir.1984).

LaSalle makes no attempt in its Motion to Reconsider to show that there was any newly discovered facts or law. All of the cases cited by LaSalle pre-date Plaintiff's Motion for Conditional Certification. Additionally, the deposition transcripts were available to LaSalle well before it filed its Response to the Motion for Conditional Certification and were taken for the main

purpose of responding to that very motion. As such, there is no newly discovered evidence or law. Thus, the only reason this Court may reconsider its original Order is if there was a "manifest error of law or fact."

Here, there was no manifest error. The Court specifically considered each argument raised by LaSalle in its Response to the Motion for Conditional Certification and re-hashed in their Motion for Reconsideration and dismissed each of them in turn. Dkt. #33, pp. 10-12. During first step conditional certification, the Court should not, and has not, engaged in credibility determinations and other inquiries LaSalle begs this Court to engage in. The Court applied the correct standard to the facts in this case on the record before it. LaSalle has provided no additional reasoning or pointed in any way how the Court committed a "manifest error of law or fact" sufficient to justify the Court reconsidering its original decision. *See Rickabaugh v. Stanley Steemer of Evansville, Inc.,* 3:11-CV-00057-RLY, 2012 WL 738588, at *3 (S.D. Ind. Mar. 6, 2012) ("[Defendant] has not presented circumstances so exceptional as to warrant the extraordinary remedy it requests. Furthermore, the court reiterates that the collective action has only been conditionally certified, with the final determination to be made after the close of discovery."). LaSalle is simply unhappy with the Court's ruling. Rule 59(e) was not designed to remedy LaSalle's displeasure with the Court's ruling.

C.   **Reconsideration Will Result in More Delays**

The parties previously agreed to toll the statute of limitations to allow LaSalle to gather the contact information required to send the agreed upon Notice to the potential collective members. When Plaintiff's counsel agreed to the extension of time in gathering the information, they assumed that LaSalle was actually gathering the information – not preparing a motion with the hopes that they would never have to provide the information. As any ruling on a Motion for

Reconsideration will undeniably delay the production of the information, Plaintiffs respectfully request that the Motion be denied outright and immediately. The statute of limitations continues to run on each potential collective member's claims (at least until April 22, 2019 assuming the Court enters the Stipulation filed March 22, 2019). Plaintiffs originally filed their Motion for Conditional Certification in July 2018. Many potential collective members' claims have already expired and more continue to expire every day. As such, it is imperative that the Court's original, well-reasoned Order be allowed to stand and that the Notice be sent to the prospective collective as soon as possible so that more potential collective members' claims are not adversely impacted by the unjust delay.

WHEREFORE, for the above stated reasons, Plaintiffs request that Defendant the LaSalle Group, Inc.'s Motion for Partial Reconsideration of the Court's February 28, 2019 Order be denied and for such other relief as the Court deems just.

Dated March 25, 2019                  Respectfully Submitted,

                                                  By:    /s/ Kimberly Hilton
                                                            One of Plaintiffs' Attorneys

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM
200 E 5th Ave Suite 123
Naperville, IL 60563
P: 630-355-7590
F: 630-778-0400

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing **Plaintiff's Response to Defendant the LaSalle Group, Inc.'s Motion for Partial Reconsideration of the Court's February 28, 2019 Order** was served via ECM/CF filing system on March 25, 2019 to all counsel of record.

By: /s/ Kimberly Hilton
One of Plaintiffs' Attorneys

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM, P.C.
200 E 5th Ave Suite 123
Naperville, Illinois 60563
T: (630) 355-7590
F: (630) 778-0400